

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ross Doughty
County Attorney
Uvalde County
Uvalde, Texas

Dear Sir:

Opinion No. 0-4211
Re: Arrests may be made by officers
on property of air school under
facts stated.

Your request for opinion has been received and carefully considered. We quote from your request as follows:

"The City of Uvalde, a municipal corporation, owns some three hundred acres of land, which it has leased to a private corporation, for air school purposes. This Corporation has a contract with the Federal Government to train students, as aviators. These students are actually members of the United States armed forces.

"The question has arisen whether or not the local law enforcement officers have jurisdiction upon the premises of said air school. It is my opinion that they do have such jurisdiction, and that this would not be construed as a Federal Reservation under Article 5247 Vernon's Civil Statutes. However, I would like an expression from you reference to this matter."

In your letter of November 6, 1941, you further state:

"Perhaps I did not make my question clear enough. The Airport property is outside of the limits of the Municipal Corporation of Uvalde, and within the County of Uvalde, and my question is, whether or not State officers, such as the sheriff of Uvalde County, have the right to make arrests upon this property for violation of the Penal Code."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ross Doughty, Page 2

Article 1, Section 8, Clause 17 of the United States Constitution provides:

"To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dockYards, and other needful Buildings;--And"

Articles 5242-5248, inclusive, Revised Civil Statutes, 1925, deal with the acquisition of land in Texas by the Federal Government for Federal use.

Article 5242, supra, provides:

"The United States Government through its proper agent may purchase, acquire, hold, own, occupy and possess such lands within the limits of this State as it deems expedient and may seek to occupy and hold as sites on which to erect and maintain light houses, forts, military stations, magazines, arsenals, dock yards, custom houses, post offices and all other needful public buildings, and for the purpose of erecting and constructing locks and dams, for the straightening of streams by making cutoffs, building levees, or for the erection of any other structures or improvements that may become necessary in developing or improving the waterways, rivers and harbors of Texas and the consent of the Legislature is hereby expressly given to any such purchase or acquisition made in accordance with the provisions of this law."

Article 5247, supra, reads:

"Whenever the United States shall acquire any lands under this title, and shall desire to acquire constitutional jurisdiction over such lands for any purpose authorized herein, it shall be lawful for the Governor, in the name and in behalf of the State, to cede to the United States

49

exclusive jurisdiction over any lands so acquired, when application may be made to him for that purpose, which application shall be in writing and accompanied with the proper evidence of such acquisition, duly authenticated and recorded, containing or having annexed thereto, an accurate description by metes and bounds of the lands sought to be ceded. No such cession shall ever be made except upon the express condition that this State shall retain concurrent jurisdiction with the United States over every portion of the lands so ceded, so far, that all process, civil or criminal issuing under the authority of this State or any of the courts or judicial officers thereof, may be executed by the proper officers of the State, upon any person amenable to the same within the limits of the land so ceded, in like manner and like effect as if no such cession had taken place; and such condition shall be inserted in such instrument of cession."

In the case of Curry v. State, (Court of Criminal Appeals), 12 S. W. (2d) 796, the court, in passing upon whether a State court had jurisdiction over an offense committed within the boundaries of a military reservation, said:

". . . Under the language of the United States Constitution quoted above, a purchase of land with the consent of the Legislature will confer the exclusive right to legislate by the United States government over it, which necessarily carries with it the privilege and right of exclusive jurisdiction of its courts. 16 C. J. 212; United States v. Tucker (D. C.) 122 F. 518. Authorities, supra; Ft. Leavenworth R. Co. v. Lowe, 114 U. S. 525; 5 S. Ct. 995, 29 L. Ed. 264; In re Kelly (C.C.) 71 F. 545, 549; United States v. Holt (C. C.) 168 F. 141, judgment affirmed 218 U. S. 245, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138; see annotations to above clause of United States Constitution, vol. 10, U. S. Compiled Statutes 1916, beginning at page 13514, where full collation of authorities will be found.

Honorable Ross Doughty, Page 4

"All authorities uniformly hold that the
United States government has sovereign author-
ity and exclusive jurisdiction over all lands
acquired and used by it for one of the purposes
mentioned in the United States Constitution, in
all cases where jurisdiction has been expressly
ceded by the state, or where same exists by
necessary implication arising from consent of
the state to the purchase of such land. In
either of such cases the right to prosecute and
punish for crime exists only in the United
States government. . . ."

Opinion No. O-3318 of this department holds that if
a deed of cession of unlimited jurisdiction over an Army camp
has been executed by the Governor of the State of Texas to
the United States Government as provided by Articles 5242 to
5247, inclusive, Revised Civil Statutes, 1925, that the Fed-
eral Government would have complete and exclusive legislative
control and jurisdiction over offenses committed on said
military grounds and that the sale of beer by the Army canteen
to soldiers and such grounds would not be amenable to the
laws of the State of Texas. This opinion further holds that
if such deed of cession had not been executed in the manner
required by the statutes, the sale of beer on such military
grounds would be a violation of the Texas Liquor Control Act.
We enclose herewith a copy of said opinion for your informa-
tion.

You do not state in your letter whether or not the
Governor of the State of Texas has executed a deed of cession
of jurisdiction over said property to the Federal Government.
It seems readily apparent from your letters, however, that
this has not been done.

We wish to call your particular attention to the
following portion of Article 5247, supra:

". . . No such cession shall ever be made
except upon the express condition that this state
shall retain concurrent jurisdiction with the
United States over every portion of the lands so
ceded, so far, that all process, civil or crim-
inal issuing under the authority of this state
or any of the courts or judicial officers there-
of, may be executed by the proper officers of
the State, upon any person amenable to the same

within the limits of the land so ceded, in
like manner and like effect as if no such ces-
sion had taken place; and such condition shall
be inserted in such instrument of cession."

It is apparent from the above quoted section that
sheriffs and other peace officers have the right to serve
and execute criminal process, such as warrants of arrest,
on property where jurisdiction has been ceded to the Federal
Government under Article 5247, supra.

We answer your question as follows:

1. The sheriff or other peace officer may execute
a lawful warrant of arrest upon a person on the grounds and
premises of said airport for an offense committed off of said
premises, regardless of whether or not a proper deed of ces-
sion of jurisdiction has been made to the Federal Government.

2. If a proper deed of cession has been made to
the Federal Government the sheriff or other peace officer
may not lawfully arrest a person for an offense committed
on the grounds and premises of said airport.

3. If no proper deed of cession has been made as
above outlined, the sheriff or other peace officers may make
lawful arrests for offenses committed on the grounds and
premises of said airport.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED NOV 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:CO

ENCLOSURE

